**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE**

Civil Case No. 05-cv-00353-LTB-PAC

WENDELL TODD JONES,

       Applicant,

v.

AL ESTEP, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

       Respondents.
_____

**ORDER**
_____

      In the Magistrate Judge's review and recommendation upon the 28 U.S.C. § 2254 Application by Applicant Wendell Todd Jones, she determines the application to be timely filed and has bypassed an exhaustion of state remedies and procedural default analysis to address on the merits specifically, thoroughly, and exhaustively, each of the Applicant's five § 2254 claims together with all sub-parts of each claim.  She recommends that the application be denied and dismissed with prejudice.

      The recommendation was issued and served on March 6, 2006.  Respondents have filed no objections to the Magistrate Judge's determination that the application is filed timely under the Antiterrorism and Effective Death Penalty Act or to the Magistrate Judge's exercise of discretion to bypass exhaustion and procedural default analysis to address each of Applicant's claims and sub-parts on the merits.  Respondents are therefore barred

from *de novo* review of these determinations by the Magistrate Judge.

Applicant has filed timely written objections to the Magistrate Judge's recommendation. Specifically, he objects to her rejection of his claim that he was denied a fair trial in violation of his constitutional right to due process by the admission of evidence of other crimes, wrongs, and bad acts, admission of what Applicant deems "physical mug-shot evidence" and accompanying testimony, and "unconstitutional identifications by witness Wardell Reed." As to his claim of ineffective assistance of counsel, he objects to the Magistrate Judge's recommendation that trial counsel was not ineffective in failing to object to testimonial evidence relating to prior bad acts, failing to object to the prejudicial mugshot, photographs, and accompanying testimony, and failing to object to prejudicial hearsay depriving him of his right of confrontation. He further specifically objects to the recommendation that his confrontation rights were not violated by restricted cross-examination, to the recommendation regarding denial of his constitutional right to testify, and to the recommendation that the lack of a complete record did not deprive him of meaningful review consistent with due process. Although Applicant's specific objections touch upon some but not all of his claims and sub-parts, I nevertheless will review the Magistrate Judge's analysis and recommendations *de novo* upon each claim and sub-part. Upon *de novo* review, I conclude that the Magistrate Judge's thorough and complete analysis of all of Applicant's § 2254 claims in their entirety is correct.

Applicant also seeks appointment of counsel. 28 U.S.C. § 2254(h) provides that the Court <u>may</u> appoint counsel for an applicant who is or becomes financially unable to afford

counsel. Applicant is certainly unable to afford counsel so the question is whether, in the exercise of my discretion, appointment of counsel is appropriate in this instance. It is axiomatic that there is no constitutional right to counsel in this § 2254 application. Although Applicant presents a plethora of claims for relief, none are complex factually or legally individually or collectively. It appears no evidentiary hearing has been requested and none is required. The issues are straightforward and capable of resolution on the record. The application and file reflects that the Applicant has a good understanding of the issues and has presented them forcefully and coherently. Arguably, a number of his claims may not be frivolous, but on analysis, lack merit. I find and conclude that denial of counsel here will not result in fundamental unfairness infringing upon due process rights and it is not necessary in the interests of justice to appoint counsel for Applicant.

IT IS THEREFORE ORDERED that Applicant's request for appointment of counsel is DENIED.

IT IS FURTHER ORDERED that the 28 U.S.C. § 2254 Application for a Writ of Habeas Corpus is DENIED and the above application is DISMISSED WITH PREJUDICE.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge

DATED: May 11, 2006